UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 15-20241-CR-KING

UNITED STATES OF AMERICA,

v.

JOSE LUIS MORALES,

Defendant.
_____/

## ORDER DENYING MOTION TO SUPPRESS PHYSICAL EVIDENCE AND STATEMENTS

**THIS CAUSE** comes before the Court upon Magistrate Judge Edwin G. Torres' Report and Recommendation on Defendant's Motion to Suppress Physical Evidence and Statements (the "R&R") (DE 30), filed June 24, 2015, which recommends denial of Defendant's Motion to Suppress Physical Evidence and Statements (the "Motion") (DE 22), filed April 6, 2015.[1]

This matter was originally set for trial on June 29, 2015. Defendant timely filed objections to the R&R and, at the calendar call on June 25, 2015, the Court continued the trial of this matter to allow the Government time to file its response to Defendant's objections. On July 31, the Court heard oral argument on the parties' respective objections to the R&R. The Court has performed a *de novo* review of the R&R.

### BACKGROUND

The Court hereby incorporates by reference the Findings of Fact made by Magistrate Judge Torres, which followed his consideration of the testimony given before him at an evidentiary hearing held on June 23, 2015. *See* R&R at Part II.

---

[1] The Court has additionally considered Defendant's Objections to the R&R (DE 31), filed June 25, 2015, the Government's Partial Objection to the R&R and Response to Defendant's Objections (DE 33), filed July 2, 2015, and Defendant's Reply in Support of his Objections and Response in Opposition to the Government's Objections (DE 34), filed July 9, 2015.

1

## DISCUSSION

Magistrate Judge Torres determined that the initial entry into the home was without Ms. Lang's free and voluntary consent, which rendered the initial entry illegal. However, the R&R goes on to conclude that: 1) Ms. Lang's subsequent execution of a written "Consent to Search" form was an intervening event that served to dissipate the taint of the illegal entry and render the search of the home that followed constitutionally permissible and 2) Ms. Lang, as a co-tenant of the home, had the authority to consent to the search of the home. The Court agrees.

The R&R relies heavily upon the Supreme Court's decision in *Matlock* to support the conclusion that Ms. Lang's consent to search the home was sufficient to render the search reasonable, as Ms. Lang possessed common authority over the home. In *Matlock*, the Supreme Court held that a warrantless entry and search of a home by law enforcement officers did not violate the Fourth Amendment's proscription on "unreasonable searches and seizures" if the officers obtained the consent of a co-tenant with common authority over the premises. *United States v. Matlock*, 415 U.S. 164 (1974).

Defendant, for his part, urged Magistrate Judge Torres to find that the instant matter is more akin to the facts of the *Randolph* case. *See Georgia v. Randolph*, 547 U.S. 103 (2006). In *Randolph*, the Supreme Court distinguished *Matlock* and held that a physically present co-tenant's stated refusal to permit entry renders a warrantless entry and search unreasonable and invalid as to him. *Id.* However, *Randolph* is inapposite; Defendant never expressed to the officers that he did not consent to the search of the home.

Indeed, the instant case falls somewhere between these two cases. The Findings of Fact establish that the Multi-Agency Gang Task Force officers involved in Defendant's arrest came to the home to investigate whether Defendant was selling drugs from the home. Defendant was

standing on the east side of the home when the officers arrived. At the time of the search, Defendant was being questioned by a group of officers, but was not placed under arrest or otherwise unavailable. Thus, both cases discussed above are factually distinguishable, as Defendant was physically present at the scene and perfectly available to be asked whether he consented to the search, but he was not asked whether he consented and failed to *sua sponte* express any objection to the search.

Upon consideration, the Court holds that the failure to seek consent from Defendant after his co-tenant with common authority over the home granted her consent does not render the search unreasonable. In the absence of a verbal objection at the time of the search, a warrantless entry and search is reasonable and valid when performed with the consent of a defendant's co-tenant. If Defendant exercised his common authority over the home and objected to the search, the search would have been unreasonable. However, what is assured by the Fourth Amendment is not that no government search of a defendant's home will occur without his consent; "but that no such search will occur that is '"unreasonable."'" *Illinois v. Rodriguez*, 497 U.S. 177, 183 (1990) (citing U.S. Const., Amdt. 4.).

## CONCLUSION

Accordingly, it is **ORDERED, ADJUDGED,** and **DECREED:**

1. Magistrate Judge Edwin G. Torres' May 11, 2015 Report and Recommendation on Motion to Suppress Physical Evidence and Statements **(DE 33)** be, and the same is, hereby **AFFIRMED** and **ADOPTED** as an Order of this Court;

2. Defendant's Objections to the R&R **(DE 31)** be, and the same are, hereby **OVERRULED**;

3. The Government's Objections to the R&R **(DE 33)** be, and the same are, hereby **OVERRULED**; and

4. Defendant's Motion to Suppress Physical Evidence and Statements **(DE 22)** be, and the same is, hereby **DENIED**.

**DONE** and **ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 21st day of September, 2015.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge Edwin G. Torres
All counsel of record